**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION - COLUMBUS**

| | | |
|---|---|---|
| **MICHAEL VALERO,**<br>**5823 Blendon Place Dr.**<br>**Columbus, OH 43230** | : | |
| **Plaintiff,** | : | **Case No.** |
| **vs.** | : | **Judge** |
| **FIVE SEASONS LANDSCAPE MANAGEMENT,**<br>**c/o William J. Leidecker**<br>**5820 Sunbury Road**<br>**Columbus, OH 43230** | : | **JURY DEMAND ENDORSED HEREON** |
| **Defendant.** | : | |

## COMPLAINT

Now comes, Plaintiff Michael Valero ("Plaintiff"), by and through undersigned counsel, and for his Complaint against Defendant Five Seasons Landscape Management ("Defendant") states and avers as follows:

## THE PARTIES

1. Plaintiff is an individual residing in Franklin County, Ohio. At all times alleged herein, Plaintiff was an employee of Defendant.

2. Defendant is an Ohio corporation duly registered to do business in the state of Ohio.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e, 42 U.S.C. § 12111, 28 U.S.C. § 1331, and Title 4112 of the Ohio Revised Code.

4. Venue is proper in the Southern District of Ohio Eastern Division because all actions took place within Franklin County, Ohio.

5. Plaintiff satisfied all pre-requisites for filing for lawsuit, including, but not limited to obtaining a Notice of Right to sue from Equal Employment Opportunity Commission (hereafter the "EEOC Notice"). A copy of the "EEOC Notice" is attached hereto as Exhibit A.

6. At all relevant times hereto, Defendant was Plaintiff's employer as the same has been defined by the Americans with Disabilities Act of 1990, as amended, 42 USCS § 12111(5), and Ohio Title 4112.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates his allegations set forth in the preceding paragraphs as if fully rewritten herein.

8. Plaintiff has a disability which can flare up, causing him to need additional time to complete his daily workload.

9. Defendant hired Plaintiff in February 2024 to work as a Senior Accountant both remotely and at its office in Reynoldsburg, Ohio.

10. In May of 2024, Plaintiff experienced a flare up of his Keratoconus, which caused partial blindness in Plaintiff's right eye.

11. Plaintiff informed his supervisor that due to his disability, he may need some additional time to complete his work, but that he will still be able to finish his workload in a timely manner.

12. Plaintiff's supervisor subsequently made remarks that Defendant should terminate Plaintiff because of his disability.

13. Plaintiff also expressed interest in pursuing a promotion with Defendant.

14. In response to Plaintiff's query regarding a promotion, Plaintiff's supervisor informed Plaintiff that he was not considered for the promotion because of his disability.

15. Plaintiff also approached Defendant's Human Resources representative to seek advice on how to request time off in case he needed invasive procedure to treat his disability.

16. Plaintiff was in the process of planning a course of treatment with his doctor when he was informed by Defendant that he was being terminated.

17. Defendant terminated Plaintiff on October 18, 2024.

18. Plaintiff performed his job well and did not have any performance issues during his employment with Defendant.

19. Defendant's reason for Plaintiff's termination is Plaintiff's disability.

**COUNT I – DISABILITY DISCRIMINATION ADA & OHIO TITLE 4112**

20. Plaintiff incorporates his allegations set forth in the preceding paragraphs as if fully rewritten herein.

21. The Americans with Disability Act ("ADA") prohibits employers from discriminating against an employee on the basis of his disability. *See* 42 USC § 12112.

22. Plaintiff is disabled as defined by the ADA. Specifically, Plaintiff's disability limited his ability to see.

23. Plaintiff was qualified with or without reasonable accommodation to perform the essential functions of his job.

24. By terminating Plaintiff, Defendant discriminated against Plaintiff on the basis of his disability.

25. Defendant's discriminatory actions were motivated by discriminatory animus towards Plaintiff's disability. Defendant overtly informed Plaintiff that he should be terminated because of his disability and then did just that.

26. As a result of Defendant's disparate treatment, Plaintiff suffered an adverse employment action.

27. As a result of Defendant’s disparate treatment, Plaintiff was treated differently than similarly situated employees without disabilities.

28. As a result of Defendant’s discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101 and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which he was entitled, an amount to be determined at trial.

**COUNT II – DISABILITY DISCRIMINATION ADA & OHIO TITLE 4112**
**(Regarded As Disabled)**

29. Plaintiff incorporates his allegations set forth in the preceding paragraphs as if fully rewritten herein.

30. The Americans with Disability Act (“ADA”) prohibits employers from discriminating against an employee on the basis of his disability. *See* 42 USC § 12112.

31. The ADA prohibits employers from regarding employees as disabled. *See* 42 USC § 12102.

32. Defendant perceived Plaintiff to be disabled because Plaintiff required additional time to complete his daily tasks.

33. Plaintiff was qualified to perform his job with or without a reasonable accommodation.

34. Plaintiff suffered an adverse employment action.

35. Defendant knew or had reason to know about the reason for the additional time Plaintiff needed to complete his work.

36. Plaintiff’s perceived disability was the basis for Defendant’s discriminatory treatment.

37. As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101, Ohio Title 4112, and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which he was entitled.

**WHEREFORE**, Plaintiff Michael Valero prays that this Court award a judgment against Defendant Five Seasons Landscape Management on all counts, for compensatory and punitive damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income and other benefits to which Plaintiff is entitled in an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

KEMP, SCHAEFFER & ROWE CO., L.PA.

/s/Erica Ann Probst

Erica Ann Probst (0073486)
Andrea L. Salvino (0097768)
88 West Mound Street
Columbus, Ohio 43215
Telephone: (614) 232-8692
Facsimile: (614) 469-7170
Email: Erica@ksrlegal.com
ASalvino@ksrlegal.com
*Counsel for*

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

Respectfully submitted,

KEMP, SCHAEFFER, & ROWE CO., L.P.A.

/s/ Erica Ann Probst
Erica Ann Probst (0073486)
Andrea L. Salvino (0097768)
88 West Mound Street
Columbus, Ohio 43215
(614) 232-8692
(614) 469-7170 (fax)
Email: Erica@ksrlegal.com
ASalvino@ksrlegal.com

*Counsel for Plaintiff*